IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES SHARP, Inmate #B64265,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**SALVADOR RODRIGUEZ, VENITA** )<br>**WRIGHT, KEVIN D. WHITTINGTON,** )<br>**SANDRA HAWKINS, JASON VASQUEZ,** )<br>**JEFFERY BROSHEARS, ALAN** )<br>**UCHTMAN, MS. DYE, and ROGER** )<br>**WALKER,** )<br>)<br>**Defendants.** ) | **CIVIL NO. 06-222-MJR** |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal for failure to state a claim.

**FACTUAL ALLEGATIONS**

Plaintiff's statement of claim and supporting exhibits show the following. On January 2, 2005, in a routine cell search at Stateville Correctional Center, Defendant Rodriguez recovered tattoo paraphernalia from Plaintiff's cell, and wrote a disciplinary report charging Plaintiff with damage or misuse of property, possession of contraband or unauthorized property, and with health and safety violations. A hearing was held on the ticket on January 14, 2005. Plaintiff states that he appeared at the hearing, but that Defendants Wright and Whittington would not listen to his statement. The committee report states that Plaintiff refused to appear. He was found guilty of the charges and disciplined with two months in segregation, a six-month demotion to c-grade, a two-month commissary restriction, and the revocation of two months good conduct credit. Plaintiff's grievances regarding incorrect information in the disciplinary report were denied, however, a rehearing was ordered due to a clerical error. There was a four month delay between the order of remand and the rehearing, during which time Plaintiff was transferred from Stateville Correctional Center to Menard Correctional Center. Consequently, the rehearing was held at Menard. The same disciplinary measures were imposed upon rehearing. Defendant Walker, however, later disapproved of the lost good conduct credit.

On July 31, 2005, shortly after his arrival at Menard, Plaintiff received another disciplinary ticket charging him with possession of contraband, namely a homemade shank; unauthorized gang activity; and giving false information to an employee. The report was based on Plaintiff's behavior at Stateville. Plaintiff states that the disciplinary report was written over three months after the

alleged misconduct. The hearing committee report bears this out–the misconduct was alleged to have occurred in April 2005, but the report was not submitted until July 2005. At a subsequent hearing at Menard, Plaintiff was found guilty of the charges, and was disciplined with six months in segregation, a six-month demotion to c-grade, a six-month contact visit restriction, a six-month commissary restriction, a three-month yard restriction, and revocation of three months of good conduct credit. Plaintiff grieved the disciplinary action based on the excessive delay between the incident and the report, and other procedural inconsistencies. The grievances were denied.

## LEGAL STANDARDS

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the

entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, on the January 2, ticket Plaintiff was sent to disciplinary segregation for two months, and on the July 31 ticket, Plaintiff was sent to segregation for six months. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim is without merit.

Plaintiff was also demoted to c-grade, denied commissary privilege, denied visiting privileges, and denied yard access. However, these allegations do not present viable constitutional claims. *See, e.g., Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to c-grade status and loss of commissary privileges).

Revocation of good conduct credit, however, does implicate a liberty interest because such a loss potentially affects the length of Plaintiff's sentence. As such, Plaintiff does present a cognizable due process claim regarding good time credit revoked in both disciplinary proceedings. However, the proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck* v. Humphrey, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981)). The State of Illinois must first be afforded an

opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim. Accordingly, this claim is dismissed without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** without prejudice. All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED this 19th day of January, 2007.**

                         **s/ Michael J. Reagan**
                         **MICHAEL J. REAGAN**
                         **United States District Judge**